UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-52-GFVT-1 |
| | ) | |
| JERRY LEE BUNCH, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 54), considers reported violations of supervised release conditions by Defendant Jerry Lee Bunch. The District Court entered a Judgment against Defendant on August 11, 2011 for distribution of hydrocodone in violation of 21 U.S.C. § 841(a)(1). (D.E. 46). Defendant was initially sentenced to time served (approximately 2 months) followed by 3 years of supervised release. (*Id.*). Defendant began his initial term of supervised release on July 28, 2011. On December 21, 2011, the United States Probation Office (hereinafter "USPO") issued a Supervised Release Violation Report, and secured a warrant from the District Judge.

The Report charges Defendant, in Violation #1, with violating the condition of his release which provides that "[t]he defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless, granted permission to do so by the probation officer." The Report states that, on or around December 13, 2011, the USPO was contacted by Bureau of Alcohol, Tobacco, Firearms, and Explosives special agent Todd Tremaine regarding telephone calls between Defendant and Doyle Stanford Fritts

(hereinafter "Fritts"), a convicted felon. Agent Tremaine identified four telephone calls between Defendant and Fritts that had been recorded at the jail where Fritts was in pretrial custody arising out of another case before this Court. The calls were made on July 29, September 12, September 30, and November 14, 2011. The USPO was provided copies of the recorded conversations that occurred on September 12 and November 14, 2011. The Report notes that Defendant accepted both calls, although he was initially informed that the calls were from Fritts and was prompted with an option to accept or reject the calls. According to the Report, Defendant and Fritts "discussed general subject matter, as well as criminal activity as it relates to several cases that had been or are currently being prosecuted in this Court." At no point during the calls did Defendant ask Fritts to cease contact.

In Violation #2, the Report charges that Defendant violated the condition of his release which states that "[t]he defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." The Report states that, on December 20, 2011, the USPO reviewed Defendant's Monthly Supervision Reports (hereinafter "MSR") for the months of September and November 2011, and discovered that Defendant checked "no" when asked if he had previously had contact with anyone having a criminal record. On the July 2011 MSR, Defendant answered the question with "uncertain." Later in the day on December 20, Defendant answered in the affirmative when asked by the USPO if the information in the MSR was true and correct. However, when questioned further regarding his contact with Fritts, Defendant ultimately admitted to speaking to him on two occasions and receiving one letter from Fritts. Defendant stated he interpreted the question on the MSR relating to contact with persons having a criminal record to mean only "face-to-face" contact.

The Report charges, in Violation #3, that Defendant violated the condition of his release prohibiting him from committing another federal, state, or local crime, based upon the theory that Defendant's false statements on the MSR violate 18 U.S.C. § 1001, which prohibits making a false representation in any matter within the jurisdiction of the judicial branch of the Government of the United States. In Violation #4, the Report also charges that Defendant violated the condition of his release prohibiting him from committing another federal, state, or local crime. The nature of Defendant's contact with Fritts may result in a violation of 18 U.S.C. § 1512(b), as Fritts and Defendant were attempting to tamper with at least one witness in an ongoing investigation and/or case pending before the Court. The Report notes that Defendant eventually admitted to Agent Tremaine that Fritts contacted him for the purpose of influencing a witness to change his testimony, and that Defendant, albeit unsuccessfully, tried to convince the witness to do so.

The Court conducted an initial appearance pursuant to Rule 32.1 on January 18, 2012, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 51). At the initial appearance, the United States made an oral motion for interim detention, and Defendant requested release. (*See id.*). The Court heard oral argument concerning detention, and found that Defendant should be released subject to the existing conditions imposed by District Judge Van Tatenhove in the Judgment entered on August 11, 2011, as well as several additional conditions. (*See id.*).

At the final hearing on January 23, 2012, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. (*See* D.E. 52). Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the

Report.  The United States thus established Violations #1-4 under the standard of § 3583(e).  At the final hearing, the United States recommended revocation and imprisonment for a period of 6 months, with a 26-month term of supervised release to follow.  Defendant argued for a term of home incarceration, or, in the alternative, for a 4-month term of imprisonment at a federal medical facility.  Such recommendations are not binding on the Court.[1]

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and the sentencing materials from the underlying Judgment in this District.  Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation[2] hinges on the gravity of the underlying offense of conviction.  Defendant's § 841(a)(1) conviction was for a Class C felony.  *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559.  For an underlying Class C felony, the maximum revocation sentence provided under § 3583 is 2 years of imprisonment.  *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade B violation with respect to Violations #1-4.  Given Defendant's criminal

---

[1] The parties also acknowledged that the United States agreed not to seek an indictment against Defendant for tampering with a witness in a violation of 18 U.S.C. § 1512(b) in exchange for Defendant's stipulation to the charged violations.

[2] The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence, including the USPO Report, satisfy.

history category of I (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Guidelines range, under the Revocation Table of Chapter 7, is 4 to 10 months.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that imprisonment of 6 months, followed by a 26-month term of supervised release, is appropriate based upon those factors. The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e).

Defendant's actions while on supervised release suggest that he has not meaningfully changed his behavior since he was sentenced before Judge Van Tatenhove last August. Defendant claims he did not intentionally violate the Court's trust, as he believed the "no contact" condition meant only "face-to-face" contact and was otherwise taken advantage of by Mr. Fritts. While the Court may have a tendency to exercise leniency with younger individuals, it is less sympathetic to Defendant's situation. Defendant is an adult, and his claim that he did not fully understand the conditions of his supervision is no excuse. However, the Court does recognize, and is sympathetic towards, Defendant's health condition.

5

When imposing a sentence, the Court is required, pursuant to 18 U.S.C. § 3553, to consider the need to protect the public from the crimes of Defendant. The crime of tampering with a witness goes to the very heart of the criminal justice system. Neither a judge nor a jury can make an appropriate determination in the absence of truthful and accurate testimony. Moreover, Defendant breached the Court's trust when he was untruthful with his probation officer with respect to his contact with Fritts. Supervision by the probation office is an investment made by the public, and Defendant failed to make good on that investment by being untruthful.

Defendant's initial sentence of time served (approximately 2 months), represented a bit of a break by the Court. The Court's leniency came with an expectation of compliance by Defendant. Defendant has been advised that he will not receive another break; any future sentence will be severe and likely will approach or equal the statutory maximum penalties. The Court expects that Defendant will cut ties with those individuals having a negative impact on his life, and will not appear before this Court on another violation.

For the reasons stated on the record and herein, the Court finds that a sentence of 6 months will satisfy the objectives of § 3583(e), and therefore finds that the sentence recommended by the United States is appropriate. The Court notes that the term of imprisonment imposed as a result of violations by Defendant of his term of supervised release exceeds Defendant's original sentence by 4 months.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised

release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the maximum term of supervised release would be life, *see* 21 U.S.C. § 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h). Based upon the factors described above, the Court finds that an additional term of supervised release of 26 months following the term of imprisonment is warranted, subject to the conditions imposed upon the Judgment entered on August, 11, 2011 by the Court. In particular, Defendant is not to have ***any*** contact with Doyle Stanford Fritts, unless granted permission to do so by his probation officer. Any attempted contact by Fritts should be immediately reported to the USPO. Defendant still has the ability and opportunity to change the course of his life. Part of that appropriate course must include strict compliance with ***all*** conditions of supervised release in the future.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation and imprisonment for a term of 6 months at a facility best equipped to treat Defendant's medical condition and issues, specifically a federal medical center;[3]

2. An additional supervised release term of 26 months. While on supervised release, the Court recommends that Defendant be subject to the conditions imposed by the Court's Judgment dated August 11, 2011.

---

[3] During the final 32.1 hearing, Defendant requested that he be allowed to serve his term of imprisonment at a facility equipped to treat his current medical issues. The United States did not object, and did not seek immediate detention so that Defendant could be evaluated and placed in a proper facility.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 30th day of January, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge